UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Docket No. 3:98CR179(EBB) |
| RAFAEL ORTIZ : | |

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Rafael Ortiz ("Ortiz"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10[1] based on the recent retroactive amendment to the Sentencing Guidelines, which reduced by two levels the § 2D1.1 base offense levels pertaining to the quantity of crack cocaine involved in the offense of conviction. Ortiz asks the court to reduce his sentence from 240 months to 210 months. The government does not dispute that the amendment applies to Ortiz, that his new guideline range is 210 to 240 months, and that his sentence should be reduced. But it does not agree to resentencing at the bottom of the amended sentencing range.

I. **Procedural and Factual Background**

On April 19, 1999, Ortiz pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. The PSR calculated his base offense level under § 2D1.1 at 36 based on a quantity of between 500 grams

---

[1] Ortiz originally moved for a full resentence and asked the court to impose a sentence below the amended guidelines range pursuant to United States v. Booker, 543 U.S. 220 (2005). Following the Second Circuit's recent ruling in United States v. Savoy, 567 F.3d 71 (2d Cir. 2009), which held that the policy statements in U.S.S.G. §§ 1B1.10(a)(3) and 1B1.10(b)(1) make it clear that § 3585(c) does not authorize the court to reduce a sentence below the amended guidelines range where the original sentence fell within the applicable pre-amendment guidelines range, Ortiz withdrew that portion of his motion. (Def.'s Supp'l. Mem. Supp. Mot.).

and 1.5 kilograms of crack cocaine. Four levels were added for his role in the offense, two levels were added for use of a firearm, and three levels were deducted for acceptance of responsibility. His final adjusted offense level was 39. He had no prior convictions and his criminal history category was I. With an offense level 39 and a criminal history category I, the PSR calculated his then-mandatory guideline range to be 262 to 327 months. On October 13, 1999, the court (Nevas, J.) adopted the PSR's calculations and sentenced Ortiz to 262 months imprisonment, the bottom of the applicable guidelines range.

On April 3, 2002, the Second Circuit remanded the case for resentencing pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). On resentencing, Judge Nevas found that the maximum term of imprisonment after Apprendi was 240 months, and without making any changes to its calculation of the guidelines provisions, imposed a sentence of 240 months.

The case was again remanded by the Second Circuit pursuant to United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). On remand, Judge Nevas again imposed the same 240-month term of imprisonment.

**II.   Discussion**

The Sentencing Commission's recent amendment to the crack cocaine guidelines reduces by two points the base offense levels corresponding to the crack quantity ranges set forth in § 2D1.1(c)'s drug quantity table. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). Pursuant to 18 U.S.C. § 3582(c)(2), any reduction in a defendant's term of imprisonment must be consistent with the Sentencing Commission's relevant policy statements. The relevant policy statements provide that in considering whether a reduction is warranted, the district court "shall determine the amended guideline range that would have been applicable to the defendant if

the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced" and "shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range...." U.S.S.G. §§ 1B1.10(b)(2)(A), 1B1.10(a)(3). The amended guideline range is calculated by substituting the amended offense levels of § 2D1.1(c) but leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). A sentence reduction is authorized only if retroactive application of the Amendment would result in a lower applicable Guideline range. U.S.S.G. § 1B1.10(a). If the Amendment has the effect of reducing the defendant's sentencing range, the court has discretion to reduce the sentence. In so doing, it must consider the factors set forth in § 18 U.S.C. § 3553(a), including the nature and seriousness of the danger posed by the defendant to the community, as well as his post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. N.1(B)(ii)-(iii).

Under the Amendment, Ortiz's offense level is reduced by two levels, from 36 to 34. Leaving all other guideline adjustments unaffected, his adjusted offense level is 37. With a criminal history category I, his applicable guideline sentencing range is now 210 to 240 months, which is lower than his pre-Amendment range of 262 to 327 months. Because the Amendment results in a lower applicable guideline range, Ortiz is eligible for resentencing. See U.S.S.G. § 1b1.10(a).

In determining whether to resentence Ortiz, the court has given due consideration to the § 3553(a) factors, Ortiz's prison Progress Report, which was submitted by the U.S. Department of Probation, and the Probation Department's recommendation. The court concludes that a reduction in Ortiz's sentence to the bottom of the amended guideline range is appropriate and consistent with the Sentencing Commission's applicable policy statements. Specifically, the

Progress Report demonstrates that there is no indication that Ortiz poses a public safety risk or danger to any individual or the community and that he is making strides in turning his life around. Throughout his almost ten-year post-sentencing period of incarceration, he has maintained a clear conduct record and has had no incident reports or disciplinary sanctions. He has completed a variety of religious-related programs, is participating in the financial responsibility program and has made good progress in paying off his special assessment and fine, has worked as an orderly and at the UNICOR facility and is considered a good overall worker, and is currently enrolled in the GED program.

The court finds Ortiz's amended (post-Apprendi) guideline range to be 210 to 240 months based on his reduced adjusted offense level 37 and criminal history category I. Ortiz's sentence is vacated and he is resentenced to 210-months incarceration. In all other respects, the court's sentence remains unchanged.

### III.   Conclusion

For the foregoing reasons, Ortiz's motion for a reduction in sentence [doc. # 739] is GRANTED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
/ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE